IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DAVID G. HATCHER,

Plaintiff

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant

CIVIL 10-1558 (JA)

OPINION AND ORDER

On June 18, 2010, plaintiff filed this petition for judicial review of a final decision of the Commissioner of Social Security which denied his application for a period of disability and Social Security disability insurance benefits. Plaintiff's application had been denied initially and on reconsideration. Plaintiff then requested a hearing before an administrative law judge. (Tr. at 42.) Plaintiff later waived appearance at the administrative hearing. See 20 C.F.R. § 404.948(b). (Tr. at 17.) The final decision was issued on January 7, 2008. (Tr. at 17-25.) Plaintiff filed a memorandum in this court against the final decision of the Commissioner on January 18, 2011. (Docket No. 14.) The defendant filed a memorandum in support of the final decision on February 15, 2011. (Docket No. 15.)

CIVIL 10-1558 (JA)                              2

The only issue for the court to determine is whether the final decision that plaintiff is not under a disability is supported by substantial evidence in the record when looking at such record as a whole.  In order to be entitled to such benefits, plaintiff must establish that he was disabled under the Act at any time on or before December 31, 2003, when he last met the earnings requirements for disability benefits under the Social Security Act.  See Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 140 n.3 (1st Cir. 1987).

After evaluating the evidence of record, the administrative law judge entered the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2003.
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of March 2, 2002 through his date last insured of December 31, 2003 (20 CFR 404.1520(b) and 404.1571 et seq.).
> 3. Through the date last insured, the claimant had the following severe impairments: bipolar disorder of the depressed type; social phobia (20 CFR 404.1520(c)).
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a full range of work at all exertional levels not requiring performance of complex tasks.
> 6. Through the date last insured, the claimant was unable to perform past relevant work (20 CFR 404.1565).

CIVIL 10-1558 (JA)                            3

7. The claimant was born on September 17, 1949 and was 52 years old, which is defined as an individual closely approaching advanced age, on the date last insured (20 CFR 404.1563).
8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
10. Through the date[ ] last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1560(c) and 404.1566).
11. The claimant was not under a disability as defined in the Social Security Act, at any time from March 2, 2002, the alleged onset date, through December 31, 2003, the date last insured (20 CFR 404.1520(g)).

(Tr. at 19-25.)

Plaintiff has the burden of proving that he has become disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137 (1987). A finding of disability requires that plaintiff be unable to perform any substantial gainful activity or work because of a medical condition which has lasted or which can be expected to last for a continuous period of at least twelve months. See 42 U.S.C. § 416(i)(1). In general terms, evidence of a physical or mental impairment or a combination of both is insufficient for the Commissioner to award benefits. There must be a causal relationship between such impairment

CIVIL 10-1558 (JA)                           4

or impairments and plaintiff's inability to perform substantial gainful activity. See McDonald v. Sec'y of Health & Human Servs., 795 F.2d 1118, 1120 (1st Cir. 1986). Partial disability does not qualify a claimant for benefits. See Rodríguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965).

    The administrative law judge discussed the period at issue in his rationale, that is, from March 2, 2002 through December 31, 2003. Plaintiff was treated for bipolar disorder of the depressed type and social phobia. (Tr. at 20.) Progress notes from the Behavioral Health Center reflect diagnostic impressions of recurrent major depressive disorder and bipolar disorder. A mental residual functional capacity assessment by Dr. Sánchez-Rafucci dated February 9, 2005 reflects plaintiff's ability to understand and carry out simple and detailed instructions, react appropriately to reasonable criticisms from supervisors, interact with coworkers, sustain concentration for extended periods, and maintain regular attendance through December 31, 2003. (Tr. at 20, 210-13.) The condition was described as moderate in terms of severity. (Tr. at 195.) Dr. Orlando Reboredo, clinical psychologist, made a mental residual functional capacity assessment through December 31, 2004, one year beyond the covered period. (Tr. at 242-44.) A psychiatric review technique form for dates March 2, 2002 through December 31, 2004 reflects moderate degrees of functional limitations. (Tr. at 238.) A consultative psychiatric evaluation by Dr. Armando

CIVIL 10-1558 (JA)                              5

Caro was conducted on January 12, 2005.  The diagnosis was bipolar disorder, depressed.  (Tr. at 191-92.)  Plaintiff was administered a Mini Mental State Exam (MMSE) and scored 29 out of 30.  (Tr. at 194.)  The information provided by Dr. Ricardo Fumero, psychiatrist, is contained in a psychiatric medical report dated September 23, 2004, a summary dated April 20, 2005 and an initial evaluation form with a mental residual functional capacity assessment dated July 10, 2007.  (Tr. at 282-86.)  Plaintiff first saw Dr. Fumero in October 1998, and apparently last saw him in March 2002.  (Tr. at 98-99, 219-20.)  Dr. Fumero diagnosed bipolar disorder depressed and in Axis V, a global assessment of functioning scale of 35.  In the 2007 assessment, Dr. Fumero found that plaintiff was unable to meet competitive standards, and found marked to extreme functional limitations.  On November 30, 2004, clinical psychologist Jeanette Maldonado made an assessment and referred to a mental residual functional capacity assessment and psychiatric review technique form, noting that plaintiff was "unable to get recovered of his major emotional symptoms all through the PS IT since October - 98."  (Tr. at 190.)

Plaintiff argues that the administrative law judge relied on a case development sheet signed by a disability examiner, and not by a vocational expert.  Plaintiff argues that the determination that there are a significant number of jobs in the national economy that plaintiff can perform should only be

CIVIL 10-1558 (JA)                              6

made after the vocational testimony, citing Brooks v. Barnhart, 133 Fed. Appx. 669 (11th Cir. 2005).  Plaintiff notes that SSR 83-15 and 85-16 provide guidance as to pertinent factors for evaluating residual functional capacity.  They emphasize that a longitudinal evaluation of plaintiff's abilities must be made.  This evaluation must describe the individual's usual functioning, not his functioning on either his best or worst days, and must be based on all the evidence, lay evidence, therapy, work history and activities.

The administrative law judge determined that plaintiff's daily activities were mildly restricted and that he had moderate difficulties in maintaining social functioning, presenting mild difficulties in maintaining concentration, persistence and pace, without episodes of deterioration or decompensation in work and work like settings.  (Tr. at 21.)  The administrative law judge determined that plaintiff had the mental residual functional capacity to perform work activity not requiring performance of complex tasks on a regular basis from March 2, 2002 through December 31, 2003.

The administrative law judge noted that whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the judge must consider certain factors in addition to objective medical evidence.  The factors to be weighed are the following:

CIVIL 10-1558 (JA)                              7

> 1. The claimant's daily activities;
>
> 2. The location, duration, frequency, and intensity of claimant's pain or other symptoms;
>
> 3. Factors that precipitate and aggravate the symptoms;
>
> 4. The type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment the claimant uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
> 7. Any other factors concerning claimant's functional limitations and restrictions due to pain or other symptoms (SSR 96-7p).[1]

(Tr. at 22-23.)

Plaintiff alleges that he is unable to work due to persistent sadness, tension and irritability. The administrative law judge noted that the record establishes the presence of medical impairments which can reasonably cause the symptoms alleged but not to the extent claimed through December 31, 2003. The administrative law judge noted that the absence of disabling frequency and

---

[1] United States v. Avery, 797 F.2d 19, 23 (1st Cir. 1986); Mandziej v. Chater, 944 F. Supp. 121, 133 (D.N.H. 1996).

CIVIL 10-1558 (JA)                                8

intensity is corroborated by the nature of plaintiff's medical treatment, his response to said treatment without adverse side effects and the absence of persistently disabling mental pathology through December 31, 2003. (Tr. at 23.) The administrative law judge found, using the Medical-Vocational Guidelines as a framework for decision-making, considering conclusions of vocational specialists, that plaintiff could perform work such as bakery worker (conveyor line), counter clerk and weight guesser.  (Tr. at 24.)

Plaintiff argues in his memorandum of law that direct vocational testimony is called for in this case due to the dearth of vocational evidence supporting the conclusion that plaintiff can engage in jobs such as bakery worker, counter clerk, and weight guesser, this with a bipolar mental condition.  He refers to Dr. Rafucci's longitudinal analysis where plaintiff's history of labile moods is described, as well as incidents of verbal/physical abuse with co-workers, well documented in the administrative record and referred to in plaintiff's memorandum of law.  Plaintiff has previously received SSI benefits.  Plaintiff stresses that a vocational expert should have been employed at the hearing.

The administrative law judge ended the sequential inquiry at step five.  At this level, it has already been determined that the claimant cannot perform any work he or she has performed in the past due to a severe impairment or combination of impairments.  In this case, plaintiff's past relevant work had

CIVIL 10-1558 (JA)                              9

always been in the restaurant business, such as Buffalo's Café, Bob's Big Boy, Fez, Inc., and Pizza Hut, in managerial positions. The inquiry requires a consideration of the claimant's residual functional capacity as well as the claimant's age, education, and past work experience to see if the claimant can do other work. If the claimant cannot, a finding of disability will follow. See 20 C.F.R. § 404.1520(f). At step five, the Commissioner bears the burden of determining that significant jobs exist in the national economy given the above factors. See Nguyen v. Chater, 172 F.3d 31 (1st Cir. 1999); Lancelotta v. Sec'y of Health & Human Servs., 806 F.2d 284 (1st Cir. 1986); Vázquez v. Sec'y of Health & Human Servs., 683 F.2d 1, 2 (1st Cir. 1982).

In relation to plaintiff's residual functional capacity, when a nonexertional limitation is found to impose no significant restriction on the range of work a claimant is exertionally able to perform, reliance on medical-vocational guidelines, known as the GRID, is appropriate. If the applicant's limitations are exclusively exertional, then the Commissioner can meet the burden through the use of a chart contained in the Social Security regulations. 20 C.F.R. § 416.969; Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, App. 2, tables 1-3 (2001), cited in 20 C.F.R. § 416.969; Heckler v. Campbell, 461 U.S. 458 (1983). If the facts of the applicant's situation fit within the GRID's categories, the GRID "directs a conclusion as to whether the individual is or is not disabled." 20 C.F.R.

CIVIL 10-1558 (JA)                    10

pt. 404, subpt. P, App. 2, § 200.00(a), cited in 20 C.F.R. § 416.969. However, if the applicant has non-exertional limitations (such as mental, sensory, or skin impairments, or environmental restrictions such as an inability to tolerate dust, id. § 200(e)), that restrict his ability to perform jobs he would otherwise be capable of performing, then the GRID is only a "framework to guide [the] decision." 20 C.F.R. § 416.969a(d) (2001); Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001). In the case before the court, the administrative law judge used the GRID as a framework for decision-making. Nevertheless, when the GRID is used as a framework, and the reduction of the occupational base is more than marginal, the testimony of a vocational expert is required. See Burgos López v. Sec'y of Health & Human Servs., 747 F.2d 37, 42 (1st Cir. 1984.)

The rationale does not reflect that the administrative law judge independently developed the record. Rather, while the record does contain conflicts of varying degrees in the evidence, the evidence that plaintiff can perform the jobs of weight guesser, bakery worker and counter clerk is contained only in a case development sheet dated December 1, 2004, and updated on February 8, 2005. (Tr. at 106.) The same examiner, whoever he/she is, notes that "the claimant has marked limitations due to an emotional condition in areas such as: understanding and memory, sustain attention and persistence, social interaction and adaptation. Therefore claimant is disabled per "DI 25020.010

CIVIL 10-1558 (JA)                                11

A3/B3." (Tr. at 107.)  This report appears to be dated December 1, 2004 and updated on February 8, 2005.  I do not recall any cases where the administrative law judge has rested the final decision on the portent supplied by one case development sheet constructed by someone whose qualifications are unknown. While I generally shy away from citing unpublished decision, another judicial officer has summed up my thoughts in relation to attributing weight to such a sheet in a similar context.  "[T]here is no mention of the name of the examiner, there is no evidence regarding the qualifications of the examiner, and there is no evidence in the record from which the court might even conclude that the examiner is, in fact, a vocational expert."  Alvarado v. Astrue, 2010 WL 4792490, at *5 (D. Kan. Nov. 18, 2010).   Plaintiff repeats in his brief a case excerpt[2]:  "The [administrative law judge]'s findings are conclusive when supported by substantial evidence, 42 U.S.C. 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d at 35 (citations omitted). Pursuant to 42 U.S.C. § 405(g), the court is empowered to affirm, modify, reverse or remand the decision of the Commissioner, based upon the pleadings and transcript of the record.  See 42 U.S.C § 405(g).  In reviewing a Social

---

[2] Judges appreciate that citations direct the reader to the particular page of the case.  At least in extensive opinions, judicial resources are conserved by this specificity.

CIVIL 10-1558 (JA)                              12

Security decision, the factual findings of the Commissioner shall be conclusive if supported by "substantial evidence" in the record.  See Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (quoting 42 U.S.C. § 405(g)).  "Substantial evidence" is more than a "mere scintilla," see Richardson v. Perales, 402 U.S. 389, 401 (1971), in other words, it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  See id.; see also Currier v. Sec'y of Health & Human Servs., 612 F.2d 594, 597 (1st Cir. 1980).

The administrative law judge notes that Dr. Fumero's conclusion that plaintiff was markedly restricted in his capacity to perform sustained work activity because of his mental disorders during the period at issue is rebutted and outweighed by the longitudinal analysis on the record as a whole.  (Tr. at 23.)  While the administrative law judge refers to the conclusions of vocational experts from the State Agency, my review of the record reveals an isolated case development sheet with the notation of three jobs plaintiff could have performed.  At step five, I believe that this non-adversary proceeding qualitatively requires more in order to comply with the substantial evidence rule.  I further believe that it is better to err on the side of caution and require the presentation of identifiable expert guidance for the administrative law judge in the form of vocational testimony related to any jobs that are available in the national

CIVIL 10-1558 (JA)                              13

economy which plaintiff could perform on a sustained basis during the covered period.

      As I mentioned, at step five of the five-step sequential evaluation process, the Commissioner bears the burden of determining that significant jobs exist in the national economy given the pertinent factors.  That burden has not been met in keeping with the requirements of the substantial evidence rule.  Therefore, the final decision of the Commissioner is vacated and that the case is remanded for further proceedings consistent with the above.  This is a sentence four remand.  42 U.S.C. § 405(g).  The Clerk is to enter judgment accordingly.

      At San Juan, Puerto Rico, this 14th day of March, 2011.

                                      S/ JUSTO ARENAS
                         Chief United States Magistrate Judge